# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RYAN RANDALL RAMEY,
      Plaintiff,

v.                                         Civil Action No. 1:14-cv-220
                                         (Judge Keeley)

BOARD OF GOVERNORS FOR THE
FEDERAL RESERVE,
      Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court pursuant to a "Motion to Dismiss or for Summary Judgment" filed by Defendant, the Board of Governors for the Federal Reserve ("Board of Governors" or "Defendant"), filed on April 2, 2015. (Docket No. 26.) *Pro se* Plaintiff Ryan Randall Ramey ("Plaintiff") filed his response on April 13, 2015. (Docket No. 33.) The Government filed a reply on April 20, 2015. (Docket No. 35.) This matter was referred to the undersigned by United States District Judge Irene M. Keeley on April 6, 2015. (Docket No. 29.)

### I. Contentions of the Parties

*A. Plaintiff's Complaint*

Plaintiff has filed his Complaint pursuant to the Freedom of Information and Privacy Acts, 5 U.S.C. §§ 552 & 552a. On September 14, 2014, Plaintiff submitted to the Board of Governors a letter requesting "full disclosure of all records and/or documents contained in the files of your agency, specifically maintained under the above listed name and/or other identifier assigned or cross-referenced to the requestor identification information." (Docket No. 1-1 at 5.) Plaintiff made the request for "amendment, deletion and/or expungement of all records maintained by your agency referencing the above subject" (referring to Plaintiff himself). (<u>Id.</u>) Specifically, Plaintiff requested:

(1) references to non-mortgage widely-held fixed investment trust (NMWHFIT) as defined in the Code of Federal Regulations; (2) the name and address federal reserve branch or member bank with the letter "G" identifier as shown in other identifier without the numbers as identified by internal protocol or government agencies and/or third parties and the name of the President of the member bank and/or federal reserve branch; (3) referencing any of the requestor information and variants; (4) disclosure of policy and procedure governing any accounts held or referencing the requestor and other identifier(s) for access and benefit thereof; (5) disclosure of any governmental agency or third-party to which requestor information was derived or given to; (6) search of all available databases, including member banks and branches for disclosure of documents referencing any requestor information; (7) disclosure of any trust document referencing the requestor and separately the United States Treasury and Office of the Comptroller of Currency.

(Id.) Plaintiff provided his full name, date and place of birth, Social Security number, and several alpha-numeric "identifiers." (Id.)

On September 23, 2014, the Deputy Secretary of the Board of Governors mailed a letter to Plaintiff asking him to identify which System of Records may contain records concerning him. (Id. at 2.) The Deputy Secretary attached a list of the Board of Governors' Privacy Act System of Records. (Id. at 3.) Plaintiff responded in an undated letter, explaining that the "identifiers" were "account numbers that [he had] come to understand cross-referenc[ed him] with another agency believed to be the Social Security Administration." (Id. at 4.) Plaintiff believed that those accounts referenced an estate in his name or a cross-reference in the Board of Governor's system. (Id.) He requested that the Board of Governors search "BGFRS-9, 11, 14, 16, 17, 23-25, 29, 31, 36 (FRB) and BGFRS/OIG-1, FRB" in its System of Records.[1] (Id.)

Subsequently, Plaintiff sent an undated letter to the Deputy Secretary, noting that he had not received any other response regarding the matter. (Id. at 5.) Plaintiff requested a response within

---

[1] Plaintiff also requested that the Board of Governors search BGFRS 19 and 22; however, the Board of Governors does not maintain a System of Records with either of those designations. (Docket No. 27-2 at 4.)

2

twenty (20) days and noted that a failure to respond would be "construed as a denial" and that he would file in court for specific performance. (Id.)

In his Complaint, Plaintiff claims that the Board of Governors failed to respond and disclose information within the statutorily prescribed period. (Docket No. 1 at 6.) He claims that because of this, he has "been deprived the ability to amend, delete, and/or expunge the requested information." (Id. at 7.) As relief, he requests specific performance of his request and reimbursement of court costs and expenses. (Id. at 8.)

### B. *Defendant's Motion to Dismiss or for Summary Judgment*

The Board of Governors argues that Plaintiff's Complaint should be dismissed because the Board does not possess any records responsive to Plaintiff's request. (Docket No. 27 at 3.) The Government explicitly states that ten (10) different personnel searched each of the twelve (12) Systems of Records that Plaintiff specified in his clarification letter, and that no responsive records were located. (Id. at 4.) Given the lack of records, Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's Complaint. (Id. at 5-6.) The Board of Governors further asserts that even if subject matter jurisdiction exists, summary judgment should be granted in its favor because it has no records responsive to Plaintiff's request. (Id. at 6-8.)

### C. *Plaintiff's Response*

In his response, Plaintiff argues that the Board of Governor's failure to respond within a 21-day period "is grounds for the plaintiff to file suit with the court as having subject-matter jurisdiction." (Docket No. 33 at 2.) He claims that the Court has subject matter jurisdiction because the Board of Governors did not do a "responsive search with relation to Widely-Held Fixed Investment Trusts (WHFITs) and Non-Mortgage Widely Held Fixed Investment Trusts

(NMWHFITs)." (Id.) Plaintiff asserts that the Board's "failure to show that the responsive search was conducted concludes the matter." (Id. at 3.) As relief, Plaintiff requests that the Court order the Board to "conduct a responsive search related to [his] commercial request and to pay the filing fee and associated costs with the filing of this suit in the additional amount of $60.00." (Id.)

### D.    *Defendant's Reply*

In its reply, the Board of Governors reiterates that it "undertook a broad search for any documents regarding Plaintiff and located none." (Docket No. 35 at 2.) It argues that to the extent Plaintiff "claims that he was actually seeking certain 'commercial' information, including documents bearing no relation to him, this is inconsistent with the terms of his September 14, 2014 request and the Board had no reason or obligation to search for such documents." (Id.) The Board of Governors also asserts that even though it failed to respond to Plaintiff's request within the prescribed period, the statute provides that substantive relief is limited to cases where documents are improperly withheld from the complainant. (Id. at 3.)

### III.    Standard of Review

### A.    *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Under the Freedom of Information Act ("FOIA"), federal courts "ha[ve] jurisdiction to enjoin the agency from withholding agency records and to order production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Accordingly, federal jurisdiction depends upon "a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980). Under the Privacy Act, the "district courts of the United States shall have jurisdiction" if an agency (1) "refuses to comply with an individual request under subsection (d)(1) of this section"; (2) improperly

4

maintains a record to the detriment of the individual; or (3) declines to amend an erroneous record. 5 U.S.C. § 552a(g)(1). Accordingly, jurisdiction under the Privacy Act is also subject to whether an agency has records about an individual within its system of records that are subject to a request for access or amendment. Furthermore, when an agency lacks records responsive to a request, the court lacks subject matter jurisdiction. See, e.g., Goldgar v. Office of Admin., Exec. Office of the President, 26 F.3d 32, 34 (5th Cir. 1994) (per curiam); Lundy v. Dep't of Veterans Affairs, 142 F. Supp. 2d 776, 779 (W.D. La. 2001) ("Thus, district courts are vested with jurisdiction under the Privacy Act upon a showing that an agency has improperly withheld the requested records."); Burr v. Huff, No. 04-C-53-C, 2004 WL 253345, at *2 (W.D. Wisc. Feb. 6, 2004) ("If no documents exist, nothing can be withheld, and jurisdiction cannot be established.").

### B.  *Motion for Summary Judgment*

A grant of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). In applying the standard for summary judgment, a court must review all evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the court of the basis for the motion and of establishing the nonexistence of genuine issues

of fact. Celotex, 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . .must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248. To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, 475 U.S. at 587 (citation omitted).

### IV. Analysis

The FOIA provides the public the right to access, subject to certain exemptions, federal agency records. See generally 5 U.S.C. § 552. The Privacy Act provides individuals the right to access and seek corrections contained in an agency's system of records, pertaining to them, subject to exemptions. See generally 5 U.S.C. § 552a. However, an individual's right of access to his records under the Privacy Act only extends to records contained in a "system of records" indexed and retrieved by the requester's identifying information. See McCready v. Nicholson, 465 F.3d 1,

6

8-9 (D.C. Cir. 2006). An individual bringing suit to require an agency to amend records must demonstrate that the record is kept in such a "system of records." See Henke v. Dep't of Commerce, 83 F.3d 1453, 1459 (D.C. Cir. 1996).

As the late Honorable W. Craig Broadwater explained:

> The standard set forth in the Fourth Circuit governing Government searches made pursuant to the FOIA requires a good faith effort on the part of the agency. "In adjudging the adequacy of an agency search for documents, the relevant question is not whether every single potentially responsive document has been unearthed, but whether the agency has demonstrated that it has conducted a 'search reasonably calculated to uncover all relevant documents.'"

Jones v. Runyon, 32 F. Supp. 2d 873, 875 (N.D. W. Va. 1998) (quoting Ethyl Corp. v. U.S. EPA, 25 F.3d 1241, 1246 (4th Cir. 1994)). The same standard applies to searches under the Privacy Act. See Lance v. Dep't of the Interior, 523 F.3d 1128, 1139 (9th Cir. 2008). Furthermore, "[t]he lack of responsive documents does not signal a failure to search." Turner v. United States, 736 F.3d 274, 283 (4th Cir. 2013). "[M]eticulous documentation [of] the details of an epic search" is not required; rather, "affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance." Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982) (alterations in original).

Attached to the Government's memorandum in support is a Declaration from Jeanne M. McLaughlin, the Manager of the Freedom of Information Office for the Board of Governors. Ms. McLaughlin was responsible for Plaintiff's request by his letter dated September 14, 2014. (Docket No. 27-2 at 2.) Ms. McLaughlin has declared that ten (10) different employees searched the twelve (12) systems of records that Plaintiff requested to be searched. (Id. at 3-4.) Those searches revealed no responsive documents about Plaintiff. (Id.) Furthermore, none of the systems of records

7

contained the alpha-numeric "identifiers" Plaintiff listed in his letter. (Id. at 6.)

From Ms. McLaughlin's Declaration, the undersigned finds that the Board of Governors conducted a good faith search in the systems of records that Plaintiff requested to be searched. See Jones, 32 F. Supp. 2d at 875. However, no responsive records were found. Given the lack of responsive records, it is clear to the undersigned that this Court lacks subject matter jurisdiction over Plaintiff's Complaint. See Goldgar, 26 F.3d at 34; Lundy, 142 F. Supp. 2d at 779.

Even if the undersigned were to find that the Court has subject matter jurisdiction over Plaintiff's Complaint, summary judgment in favor of the Board of Governors would still be warranted. Generally, district courts "'typically dispose of FOIA cases on summary judgment before a plaintiff can conduct discovery.'" Turner, 736 F.3d at 282 (quoting Rugiero v. U.S. Dep't of Justice, 257 F.3d 534, 544 (6th Cir. 2001)); see also Broaddrick v. Exec. Office of the President, 139 F. Supp. 2d 55, 63 (D.D.C. 2001) (noting that "discovery is not typically a part of FOIA and Privacy Act cases"). Here, no documents responsive to Plaintiff's request were located. Given the lack of documents, the Board of Governors is entitled to summary judgment. See Jones, 32 F. Supp. 2d at 876 (granting summary judgment where agency "conducted a good faith effort and withheld no documents concerning the plaintiffs' request"); see also Potomac Nav., Inc. v. U.S. Maritime Admin., Nos. WMN-09-217, WMN-09-218, 2009 WL 5030710, at *1 (D. Md. Dec. 15, 2009) ("Courts grant summary judgment in favor of responding agencies 'when all requested records either did not exist or were fully disclosed.'").

In his response, Plaintiff argues that the Board of Governors failed to do a "responsive search with relation to Widely-Held Fixed Investment Trusts (WHFITs) and Non-Mortgage Widely Held Fixed Investment Trusts (NMWHFITs)." He states that the Board failed to do a "commercial"

8

search as to these requests. However, Plaintiff expressly stated that all items he was seeking were conditioned on their relationship to him. Accordingly, the undersigned agrees with the Board of Governors that it had no obligation to search for such "commercial" information because such was inconsistent with the terms of his September 14, 2014, request. See Mogenhan v. Dep't of Homeland Sec., No. 06-2045 (EGS), 2007 WL 2007502, at *3 (D.D.C. July 10, 2007) (finding that the scope of the plaintiff's FOIA request was limited to her investigative file, and the agency had no obligation to extend the request to her investigative file).

Finally, in his response, Plaintiff asserts that because the Board of Governors concedes it did not respond within the "prescribed 21 day period," such failure "concludes the matter." (Docket No. 33 at 3.) As an initial matter, under the FOIA, an agency generally must respond within twenty (20), not twenty-one (21), business days.[2] See 5 U.S.C. § 552(a)(6). However, failure of an agency to respond in a timely manner does not automatically entitle a plaintiff to relief; rather, failure to comply with the time limits means that the requester is "deemed to have exhausted his administrative remedies" and can file a civil action in federal court. Id. § 552(a)(6)(C)(I). However, such action is resolved when an agency demonstrates that it has no responsive records. See, e.g., Hornbostel v. U.S. Dep't of Interior, 305 F. Supp. 2d 21, 28 (D.D.C. 2001) (noting that an agency's "lack of timeliness will not preclude summary judgment in its favor"). Accordingly, because relief is limited to cases where documents are improperly withheld, Plaintiff here is entitled to no relief.[3] See Becker

---

[2] The Privacy Act contains no such timing provision. See 5 U.S.C. § 552a(f).

[3] Likewise, Plaintiff is not entitled to litigation costs because he did not "substantially prevail" on the merits of his claim. See 5 U.S.C. §§ 552(a)(4)(E), 552a(g)(2)(B); see also Becker, 2011 WL 3501686, at *3 (rejecting request for costs when agency responded beyond twenty (20) business days and after the plaintiff had filed suit).

9

v. Exec. Office for U.S. Attorneys, No. CIV S-11-1491, 2011 WL 3501686, at *2-3 (E.D. Cal. Aug. 9, 2011) (rejecting the plaintiff's request for relief in similar circumstances; the agency informed the plaintiff that no responsive documents existed after twenty (20) business days from the date of his request had passed and he filed suit).

In sum, the undersigned finds that the Court lacks subject matter jurisdiction over Plaintiff's Complaint because the Board of Governors lacked records responsive to his request. See Goldgar, 26 F.3d at 34; Lundy, 142 F. Supp. 2d at 779. Furthermore, even if jurisdiction existed, the lack of documents entitles the Board of Governors to summary judgment in its favor. See Jones, 32 F. Supp. 2d at 876; see also Becker, 2011 WL 3501686, at *2-3. Accordingly, the undersigned recommends that the Board of Governor's motion be granted, and that Plaintiff's Complaint be dismissed with prejudice.

### V.     Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's "Motion to Dismiss or For Summary Judgment" (Docket No. 26) be **GRANTED** and that Plaintiff's Complaint (Docket No. 1) be **DISMISSED WITH PREJUDICE** from the docket of this Court.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984),

cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to send a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

DATED: April 21, 2015

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE