IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**RYAN RANDALL RAMEY, pro se,**

    **Plaintiff,**

    **v.**                    //    **CIVIL ACTION NO. 1:14CV220**
                                         **(Judge Keeley)**

**BOARD OF GOVERNORS FOR**
**THE FEDERAL RESERVE,**

    **Defendant.**

    **ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 36]**

    On September 23, 2013, the pro se petitioner, Ryan Randall Ramey ("Ramey"), filed a complaint against the Board of Governors for the Federal Reserve (the "BOG"), claiming that the BOG had failed to disclose Freedom of Information Act ("FOIA") and Privacy Act information in violation of 5 U.S.C. §§ 552 & 552a. (Dkt. No. 1). On April 2, 2015, the BOG moved to dismiss for lack of jurisdiction or for summary judgment. (Dkt. No. 26). The Court referred the matter to United States Magistrate Judge John S. Kaull for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2. (Dkt. No. 29).

    On April 21, 2015, Magistrate Judge Kaull issued a R&R, in which he found that the Court lacked jurisdiction because the BOG lacked any records responsive to Ramey's request. (Dkt. No. 36 at 10). Further, even if the Court did have jurisdiction, the R&R found that the BOG's lack of documents entitled it to summary judgment. Id. The R&R recommended that the Court grant the BOG's

motion to dismiss or for summary judgment and dismiss with prejudice Ramey's complaint. (Dkt. No. 36).

The R&R also specifically warned Ramey that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. Id. at 10-11. The parties did not file any objections.[1] Consequently, finding no clear error, the Court **ADOPTS** the Report and Recommendation in its entirety (Dkt. No. 36), **GRANTS** the motion to dismiss or for summary judgment (Dkt. No. 26), and **ORDERS** that Ramey's complaint be **DISMISSED WITH PREJUDICE** and this case stricken from the Court's active docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: December 10, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).